UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

IN RE:                                        *

DESRINE SCHOBURGH              *      CASE NO. 17-23134 MMH
        Debtor

*   *   *   *   *   *   *   *   *   *   *   *

DESRINE SCHOBURGH,
        Plaintiff            ADVERSARY PROCEEDING NO.: 18-00007

vs.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, INC.
t/a AMERICAN EDUCATION SERVICES

and

RICHLAND STATE BANK
    Serve on:  Pennie Lutz, President
    P.O. Box 338
    Bruce, SD 57220

and

EDUCATION INVESTMENT COMPANY LLC
    Serve on: The Corporation Trust Company
    1209 Orange Street
    Wilmington, DE 19801

and

NAVIENT SOLUTIONS, LLC

Defendants
*   *   *   *   *   *   *   *   *   *   *   *

<u>FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT</u>

Plaintiff, Desrine Schoburgh sues Defendant Pennsylvania Higher Education Assistance Agency, Incorporated t/a American Education Services (PHEAA), Richland State Bank (Bank), and Education Investment Company, LLC (EdInvest) (collectively, the the PHEAA Defendants) and Navient Solutions, LLC (Navient) and for her Complaint states:

## INTRODUCTION

Ms. Schoburgh is a 58 year old registered nurse who suffers from detached retinas which have rendered her blind. She financed her nursing education with student loans, which she paid in good faith while she was able to work. Because her blindness renders her unable to work as a nurse her expected income until retirement age is limited to Social Security Disability, which is insufficient to allow her to pay her student loans and still have money for housing and food. She asks this court to determine that excepting her debts to the PHEAA Defendants and Navient will impose an undue hardship on Ms. Schoburgh, and grant a discharge which includes the the PHEAA Defendants' and Navient's claims.

## PARTIES

1. Desrine Schoburgh, Plaintiff, is a natural person residing in Glen Burnie, Maryland and is the debtor in the chapter 7 case in which this adversary proceeding is brought..

2. Defendant PHEAA is a corporation organized under the laws of Pennsylvania, whose authority to do business in Maryland has been forfeited.

3. Defendant Bank is a bank organized under the laws of South Dakota.

4. Defendant EdInvest is a limited liability company organized under the laws of Delaware.

5. Defendant Navient is a limited liability company organized under the laws of Delaware.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and (I).

## FACTUAL AND PROCEDURAL BACKGROUND

7. Ms. Schoburgh was a registered nurse.

8. Ms. Schoburgh was blinded by a medical condition.

9. Ms. Schoburgh was no longer able to work as a registered nurse.

10. Ms. Schoburgh's income is limited to social security disability, currently $2,228.80 per month.

11. Ms. Schoburgh is 58 years old.

12. PHEAA asserts that Ms. Schoburgh owes it $29,411.00 for student loans.

13. When served with the original complaint in this case PHEAA asserted that it is only the "servicer" on behalf of EdInvest which according to PHEAA is the "true Owner and Guarantor" of PHEAA's claims.

14. EdInvest has never attempted to collect the PHEAA claims from Ms. Schoburgh.

15. PHEAA has provided unendorsed promissory notes signed by Ms. Schoburgh which are payable to Bank.

16. Bank has never attempted to collect the PHEAA claims from Ms. Schoburgh.

17. Navient asserts that Ms. Schoburgh owes it $264,877.60 for student loans.

## COUNT I – DECLARATORY JUDGMENT

18. Ms. Schoburgh incorporates by reference paragraphs 1-6 and 12-17 of this Complaint.

19. None of the PHEAA defendants has filed a proof of claim or otherwise demonstrated its entitlement to $29,411.00 from Ms. Schoburgh.

20. Upon information and belief none of the PHEAA defendants has the legal right to collect the amounts PHEAA claims are due from Ms. Schoburgh.

21. An actual and justiciable controversy exists between the PHEAA defendants and Ms. Schoburgh regarding each of the PHEAA defendants' entitlement to payment in the amount claimed.

22. Navient has not filed a proof of claim or otherwise demonstrated its entitlement to $264,877.60 from Ms. Schoburgh.

23. Upon information and belief Navient does not have the legal right to collect the amounts it claims are due from Ms. Schoburgh.

24. An actual and justiciable controversy exists between Navient and Ms. Schoburgh regarding Navient's entitlement to payment in the amount claimed.

25. Pursuant to 28 U.S.C. §§2201 and 2202, this Court may declare the rights and legal duties of the parties and grant further necessary or proper relief based on its declaration.

26. Pursuant to 28 U.S.C. §§157(b)(1),(2)(O) this Court may determine the extent and validity of the claims to payment asserted by the PHEAA defendants and Navient.

WHEREFORE, Ms. Schoburgh requests that the Court enter judgment in her favor, issue a declaration that she does not owe the PHEAA defendants or Navient the money they claim, and grant such further relief as is just.

## COUNT II – DETERMINATION OF DISCHARGEABILITY

27. Ms. Schoburgh incorporates by reference paragraphs 1–20 of this Complaint.

28. Ms. Schoburgh made regular payments on the Navient and PHEAA loans until she became disabled.

29. Ms. Schoburgh's schedules show that she has regular monthly expenses of $2,067.00 per month, leaving $161.00 of her disability payment for debt repayment.

30. It would take 152 years to pay the amounts asserted to be due by Defendants, without interest, at the rate of $161.00 per month.

31. Due to her blindness Ms. Schoburgh's ability to repay the amounts asserted to be due by Defendants is unlikely to increase.

32. Excepting Ms. Schoburgh's debts to the PHEAA defendants and Navient from discharge would impose an undue hardship on Ms. Schoburgh.

WHEREFORE, Ms. Schoburgh demands judgment discharging her debts to the PHEAA defendants and Navient.

/s/ Wendell Finner
Wendell Finner, Fed. Bar. No. 04379
9407 Harford Road
Baltimore, MD 21234
(410) 929-2440
himself@wendellfinner.com

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were sent by first class mail on February 22, 2018 to:

Pennsylvania Higher Education Assistance Agency, Inc. t/a American Education Services
Serve on: The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201

Navient Solutions, LLC
c/o Jeffrey L. Friedman, Esquire
100 Owings Court, Suite 4
Reisterstown, MD 21136

/s Wendell Finner